ESTATE OF DAVID DAVIES, DECEASED, BY MABEL L. DAVIES, EXECUTRIX, AND H. W. JAMESON AND JOHN L. DAVIES, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91941. Promulgated October 15, 1940.

*John L. Davies, Esq.*, for the petitioners.
*Stanley B. Pierson, Esq.*, for the respondent.

968

**OPINION.**

KERN: We have held that where taxes imposed by a statute later declared unconstitutional are paid by a taxpayer using the cash method of accounting or are accrued and then paid by a taxpayer using the accrual method of accounting, and such taxes have not been refunded prior to the final determination of the tax liability for the year in which such payments were made, then under such circumstances the taxpayer is entitled to a deduction from gross income in the amount of such payment as "taxes paid", either in the year of payment or the year of accrual, depending on the method of accounting used. See *Cartex Mills, Inc.*, 42 B. T. A. 894, and cases therein cited.

However, in *J. A. Dougherty's Sons, Inc.*, 42 B. T. A. 892, we refused to allow a deduction "for accrued taxes which were resisted, were never paid, and were declared unconstitutional prior to the filing of the petition" in that case.

There is a very real and practical distinction between the two cited cases, which has impelled us to a difference in their resolution. In the first there was an actual payment of money demanded as taxes by the sovereign, which might or might not be refunded, and, if refund were made, might be refunded either in whole or in part. Under the rule applied in that case the taxpayer can deduct amounts thus paid as taxes, either in the year of payment or of accrual, depending on the taxpayer's method of accounting, and if the law imposing these taxes is declared unconstitutional and any part thereof is refunded to the taxpayer in a year subsequent to the filing of the petition or the final determination of the tax liability for the year in which such taxes were paid, then the amount so refunded is includable in the taxpayer's gross income for the year in which such refund is made. In the second case no sums were paid as taxes, the taxpayer consistently contended that it was not liable for the payment of such taxes, and prior to the filing of the petition the law imposing these taxes was declared unconstitutional and it was apparent that no amounts would ever be paid pursuant thereto. Under such circumstances it is obviously more just and infinitely more practical to make the proper adjustment in the taxpayer's income for the year in which the deduction was claimed, since all the facts necessary to such adjustment are known and it is not rendered impossible by reason of any period of limitation.

The facts of the instant case bring it squarely within the rule of *J. A. Dougherty's Sons, Inc.*, *supra*, and, under the authority of that case, *Decision will be entered for the respondent.*